IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRIS FINK,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 21-107-BLG-BMM-TJC<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On October 21, 2021, Petitioner Fink submitted a document titled "Withdraw[al] of Plea Bargain Due to Mental Breakdown." *See* Pet. (Doc. 1) at 1–3. He challenges the voluntariness of his guilty plea to sexual assault in Yellowstone County, Montana in 2014. *See* Pet. (Doc. 1) at 1–2; Presentence Report (Doc. 1-1) at 1; Case Report at 7, *State v. Fink*, No. DC 2012-0256 (Mont. 13th Jud. Dist. judgment entered Oct. 15, 2014). Fink is a state prisoner proceeding pro se.

This action concerns only Fink's conviction in Yellowstone County. The case report and an exhibit Fink submitted in another matter filed in this Court[1] show that he was still in custody on revocation of a suspended portion of his

---

[1] *See* Pet. Ex. (Doc. 1-1) at 1 (sentence calculation worksheet, "Third Sentence"), *Fink v. Salmonsen*, No. CV 22-11-M-DLC-KLD (D. Mont. lodged Jan. 13, 2022).

1

sentence when he filed the federal petition. Therefore, despite Fink's reference to 42 U.S.C. § 1983, *see* Pet. at 3, the pleading is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (citing *Wilkinson v. Dodson*, 544 U.S. 74, 81–82 (2005)).

On January 31, 2022, Fink was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. *See* Order (Doc. 12) at 2–4. Fink responded on February 3, 2022. *See* Resp. (Doc. 14); *see also* Notice (Doc. 13).

To ascertain that Fink intended to proceed under 28 U.S.C. § 2254, the Court issued an order on March 4, 2022, explaining the consequences of going forward. *See* Order (Doc. 18). Fink responded to that order on May 3, 2022. *See* Resp. (Doc. 24).

## I. Nature of the Claims

Fink asserts that his attorneys knew he was experiencing "mental problems." Despite a doctor's wish to admit him to a mental health ward, jailers returned Fink to custody. He asserts that he was shackled to a toilet naked for 14 days and never had a psychological evaluation. He was held in custody for 886 days before he was sentenced. He also contends his attorneys intimidated him, and that the detective who interviewed the six-year-old victim "bait[ed]" her with a bag of

candy.  *See* Pet. (Doc. 1) at 1–2.  In subsequent submissions, Fink also accuses counsel Snodgrass of misleading him about the papers he was signing and failing to represent him effectively.  *See* Supp. (Doc. 7) at 1–2; Notice (Doc. 10) at 1–2.

These allegations, as Fink appears to agree, relate to Fink's original conviction in 2014.  *See* Presentence Report (Doc. 1-1) at 1 (listing Snodgrass as counsel); Case Report (Doc. 1-1) at 7–8 (noting Siegman as counsel as of Oct. 11, 2017).

## II.  Analysis

### A.  Calculation of the Limitations Period

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244.  Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), it appears that Fink's federal petition had to be filed within one year of the date his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  Because he did not take an appeal from the judgment, his conviction became final 60 days after entry of the written judgment, that is, on December 15, 2014.  *See* Case Report (Doc. 1-1 at 7) (showing judgment entered Oct. 15, 2014); Mont. R. App. P. 4(5)(b)(i); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  Accordingly, Fink should have filed his federal petition on or before Monday, December 15, 2015.  He filed in this Court on October 21, 2021, nearly six years too late.

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). But Fink does not indicate that he pursued postconviction relief.

Fink did file a petition for writ of habeas corpus in the Montana Supreme Court on June 14, 2021, which is several years too late to make his federal petition timely. *See Fink v. Salmonsen*, No. OP 21-0293 (Mont. filed June 14, 2021). Fink filed another habeas action in the Montana Supreme Court in 2009, but that action is based on an offense committed in the summer of 2011, and is not related to the Yellowstone County conviction. *See Fink v. Mahoney*, No. OP 09-0267 (Mont. filed May 13, 2009), *available at* https://supremecourtdocket.mt.gov (accessed July 21, 2022); Pet. Ex. (Doc. 1-1) at 1 (showing date of offense), *Fink v. Salmonsen*, No. CV 22-11-M-DLC-KLD (D. Mont. filed Jan. 13, 2022); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); Fed. R. Evid. 201(b).

### B. Order to Show Cause

Fink was, therefore, advised that he must show cause why his petition should not be dismissed with prejudice as time-barred. *See* Order (Doc. 12) at 3–4. The Court explained he could do so in one, two, or all three of the following ways:

1.  He might show that the analysis above is incorrect and the claim is not untimely;

2. He might show that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time, *Holland v. Florida*, 560 U.S. 631, 649 (2010);

3. He might show that his untimeliness should be excused because he has new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond reasonable doubt, *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013).

In response, Fink does not contest the fact that his petition is untimely. Rather, he asserts that equitable tolling should apply because he was incarcerated in Florida "and unable to move out of it due to the beginning of the COVID-19 epidemic," Resp. (Doc. 14) at 1; he suffered inhumane conditions of confinement at the Yellowstone County Detention Center (though it is not clear when he was housed there), *see id*. at 2; the legal resources available to inmates at Montana State Prison are not adequate, *see id*. at 3; and a recent Montana Supreme Court decision entitles him to relief; *see id*.; *see also* Notice (Doc. 13) at 1. Fink also asserts that he is actually innocent. *See* Resp. at 3.

**C. Equitable Tolling**

The one-year statute of limitations under Section 2254 is subject to the doctrine of equitable tolling. *Holland*, 560 U.S. 634 (2010). Relying on *Holland*, the Ninth Circuit recently emphasized that equitable tolling only apples when extraordinary circumstances actually prevented the timely filing of a habeas petition.

5

> [E]quitable tolling is not available whenever there is an extraordinary circumstance that impaired the litigant for some portion of the limitations period. It may apply only when an extraordinary circumstance prevented a petitioner from filing before the deadline expired. The only way for a court to evaluate whether an extraordinary circumstance caused the untimely filing is to examine and assess the facts of the case to determine whether a petitioner acting with reasonable diligence could have filed his claim, despite the extraordinary circumstance, before the limitations period expired.

*Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (en banc).

As discussed below, it does not appear that any of the circumstances cited by Fink actually caused the untimely filing of his petition.

### 1. Placements in Florida and Yellowstone County

This Court's records show that Fink was incarcerated at Montana State Prison from at least February 9, 2016, *see* Account Statement (Doc. 1-1) at 1, *Fink v. Montana State Prison*, No. CV 16-81-H-DLC (D. Mont. filed Aug. 17, 2016), to at least March 26, 2017, *see* Mot. for Extension of time (Doc. 7) at 1, *Fink v. Kirkegard*, No. CV 16-109-H-DLC (D. Mont. filed Nov. 28, 2016), with no changes of address in the meantime. A public database indicates he has been incarcerated at Montana State Prison since July 13, 2020. *See* Offender Search, https://app.mt.gov/conweb (accessed Feb. 10, 2022).

During this time period, Fink filed a habeas petition on November 28, 2016, challenging other convictions in Missoula County in October 2001 and Lewis and Clark County in July 2008. (*Fink v. Kirkegard*, No. CV 16-109-H-DLC (D. Mont.

2016). The fact that Fink did not file a petition against his Yellowstone County conviction in 2016, when he did file a petition against convictions in Missoula and Lewis and Clark Counties, demonstrates that he has not pursued his rights diligently, as *Holland* requires. Neither Fink's relocation to Florida nor placement at Yellowstone County Detention Center, *see* Resp. to Order (Doc. 14) at 1–2, *caused* him to file out of time in this matter.

### 2. Legal Resources

The alleged inadequacy of the Montana State Prison law library also is not a persuasive reason why Fink was unable to file this petition on time, or at least sooner than he did. Unquestionably, incarcerated prisoners face a difficult task in presenting their cases without lawyers. The Court in no way minimizes that fact. But the habeas form Fink used in 2016 advised him that a one-year limitations period applies to federal habeas petitions. *See* Pet. (Doc. 1) at 2 Instr. No. 5, *Fink*, No. CV 16-109-H-DLC (D. Mont. filed Nov. 28, 2016). Therefore, Fink had reason to know time was essential, regardless of the adequacy of the law library. Fink could have filed a petition challenging his Yellowstone County conviction at the same time he filed the petition against his convictions in Missoula County and Lewis and Clark County.

### 3. New Montana Supreme Court Decision

Fink points to the Montana Supreme Court's recent decision in *State v.*

*Tipton*, 497 P.3d 610 (Mont. 2021). *Tipton* concerns the effective dates and amendments to Montana Code Annotated §§ 45-5-504 and -625, in 2015 and 2017. *See Tipton*, 497 P.3d at 613–14 ¶¶ 4–8. These statutes are not applicable here. Fink's exhibits show he was convicted of sexual assault, a violation of Montana Code Annotated § 45-5-502. *See* Presentence Report (Doc. 1-1) at 1; Case Report (Doc. 1-1 at 2). The victim was a six-year-old child. *See, e.g.*, Resp. (Doc. 14) at 2; Pet. (Doc. 1) at 2 ¶ 4. The definition of sexual assault and the penalty provisions applicable to offenders against children, *see* Mont. Code Ann. § 45-5-502(1), (3), have not been amended since 2003. Therefore, the *Tipton* decision is not relevant to Fink's case.

### 4. Mental Health

The Court acknowledges that Fink's petition asserts mental health issues. These can be relevant to equitable tolling. *See, e.g.*, *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010). But even if a petitioner can show that he was not able to understand the need to file on time, he must also show that this inability *caused* him to file late and that he was diligent. *See id*. at 1100; *see also Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012).

Fink does not explain why he did not challenge his 2014 Yellowstone County conviction until 2021, when he filed a habeas petition in the Montana

8

Supreme Court.² Further, more than five years before he filed the petition now at hand, he clearly was able to file a federal habeas petition, because he filed one. He was not diligent, and there is not sufficient reason to believe his mental issues caused him to delay filing for almost six years.

### 5. Conclusion: Equitable Tolling

The foregoing factors, whether considered singly or together, do not support equitable tolling of the limitations period. Above all, Fink filed a habeas petition challenging his convictions in Missoula County and Lewis and Clark County in November 2016, as well as § 1983 actions before then. Had he been reasonably diligent, he would have filed a petition against his Yellowstone County conviction years ago.

### D. Actual Innocence

Finally, Fink asserts he is actually innocent. A compelling showing of innocence can excuse altogether any noncompliance with the limitations period, even where the petitioner was not diligent and the delay in filing is unjustified. *See Perkins*, 569 U.S. at 387. But actual innocence means factual, "did not do it" innocence—that is, evidence showing that *no* reasonable juror would vote to convict. The standard is not met by a newly recognized legal argument against

---

² *See Fink v. Salmonsen*, No. OP 21-0293 (Mont. filed June 14, 2021).

prosecution, or a new reason to believe that some reasonable jurors might retain reasonable doubt.

Fink contends that he was illegally arrested and detained, his pretrial bond amount was too high, he did not see a "Forensic Interview" or "Certified report from [a] Doctor or Nurse," and he did not have a mental examination. *See* Resp. (Doc. 14) at 3. He also refers to a detective "baiting" the victim with candy. *See id.*; *see also* Pet. (Doc. 1) at 2 ¶ 4. None of the facts Fink mentions, taken alone or in combination, prove that, more likely than not, *no* reasonable person would convict him of sexual assault. *See Perkins*, 569 U.S. at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1994)).

### E. Conclusion: The Petition Is Time-Barred

Fink does not allege facts sufficient to support a realistic inference that he might be entitled to equitable tolling or that he might be actually innocent. His petition should be dismissed with prejudice as time-barred.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Fink's allegations meet the relatively low threshold of a substantial showing that he was deprived of a constitutional right. The conditions of confinement he describes could unduly influence a person to plead guilty, and unmet mental health needs may do the same. *See* Pet. (Doc. 1) at 1 ¶ 1. But reasonable jurists would find no room to debate that Fink's petition was filed too late. He does not show actual innocence, and the reasons he proffers to support equitable tolling did not cause him to file late. He filed a federal habeas petition in 2016 against other state convictions. He simply was not diligent in challenging his Yellowstone County conviction.

Accordingly, the Court RECOMMENDS:

1. The petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The clerk should be directed to enter by separate document a judgment in

favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED. The clerk should be directed immediately to process the appeal if, after the District Court rules, Fink files a notice of appeal.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Fink may object to this Findings and Recommendation within 14 days.[3] *See* 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Fink must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 27th day of July, 2022.

>  /s/ Timothy J. Cavan
> Timothy J. Cavan
> United States District Court

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.