IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILINGS DIVISION

| | |
|---|---|
| CHRIS FINK, <br><br> Petitioner, <br> vs. <br><br> STATE OF MONTANA, <br><br> Respondents. | CV 21-107-BLG-BMM-TJC <br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Pro se Petitioner Chris Fink applied for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. 1.) Fink filed his application in October 2021. (Doc. 1 at 3.) Fink challenges the voluntariness of his 2014 guilty plea to a sexual assault charge in Montana State District Court, in part arguing that he received ineffective assistance of counsel. (Doc. 1 at 2-3); (Doc. 6 at 1-2.) Fink petitioned this Court outside of the time limitations set for habeas applications. As a result, on January 31, 2022, Magistrate Judge Tim Cavan ordered Fink to show cause why his

---

[1] Fink's initial pleading did not cite 28 U.S.C. § 2254. (Doc. 1.) Instead, it referenced 42 U.S.C. § 1983, the vehicle for challenging conditions of confinement. (Doc. 1 at 3.) Because Fink's pleading concerns his 2014 conviction in Montana State District Court, (Doc. 1-1 at 7-8) however, Magistrate Judge Cavan properly treated this action as a petition for writ of habeas corpus. (Doc. 23 at 1-2.)

1

application should not be dismissed as time barred. *See* 28 U.S.C. § 2244(d); (Doc. 12 at 2-4.) Fink responded to Magistrate Judge Cavan's Order on February 3, 2022. (Doc. 14.)

Magistrate Judge Cavan then issued Findings and Recommendations on July 27, 2022. (Doc. 23.) Magistrate Judge Cavan recommends that the Court dismiss Fink's petition with prejudice (Doc. 23 at 11.) Fink filed objections to Magistrate Judge Cavan's Findings and Recommendations on August 17, August 22, August 25, and August 26, 2022. (Doc. 24); (Doc. 25); (Doc. 26) ; (Doc. 27.)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original application, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States,* 898 F.Supp.2d 659, 663 (S.D.N.Y.2012)).

Fink's objections advance the same arguments that he raised before, both in his original pleading and his response to Magistrate Judge Cavan's Order to Show Cause. The Court will not engage in Fink's attempt to reargue these same issues. The Court has reviewed Magistrate Judge Cavan's Findings and Recommendations for clear error. The Court finds no error.

Accordingly, **IT IS ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 23) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Fink's Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Fink files a Notice of Appeal.

DATED this 29th day of August, 2022.

Brian Morris
United States District Court Judge